UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LEATRICE JOHNSON EL. AND
KING MORPHEUS EL. EX. REL.
(RONNIE JOHNSON),

        Plaintiffs,        Civil No. 15-13954
                                         Honorable Terrence G. Berg

v.

JPMORGAN CHASE BANK
NATIONAL ASSOCIATION as
successors by assignment;
TROTT AND TROTT LAW FIRM
(ATTORNEYS DONALD KING, ET
AL); DYKEMA GOSSETT PLLC
(ATTORNEYS DAVID DELL, ET AL);
AND DOES 1-20, INCLUSIVE

        Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS, MODIFYING AND ADOPTING MAGISTRATE JUDGE WHALEN'S REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs in this case raise a variety of legal challenges to the January 7, 2014 foreclosure of the real property located at 514 Bay Street, Pontiac, Michigan. Defendants filed motions seeking to dismiss the case, which Plaintiffs opposed. Dkts. 13, 18, and 23. The Court referred all pretrial matters Magistrate Judge R. Steven Whalen, Dkt. 16, who on August 26, 2016 issued a Report and Recommendation recommending that the Court grant Defendants' motions to dismiss and dismiss the case with prejudice. Dkt. 30.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). Plaintiffs timely filed objections to the Report and Recommendation, and Defendants responded. Dkts. 31, 32 and 33. The Court has reviewed the Magistrate Judge's Report and Recommendation. In light of Plaintiffs' objections, the Court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).

## I.  Factual Background

Although Plaintiffs state that the facts in this case are undisputed, they nevertheless include a two-page section in their brief entitled "facts clarified." Dkt. 31, p. 2-4. This section is more legal argument than it is a statement of facts. Regardless, the Court finds that Magistrate Judge Whalen's findings of fact are accurate and adopts them for purposes of this order.

## II.  Analysis

### A.  *The Recommendation and Plaintiffs' Objections*

Magistrate Judge Whalen recommended that the motion to dismiss be granted for the following reasons: (1) the economic loss doctrine bars Counts I and II (negligence and fraud); (2) the statute of limitations for the Truth in Lending Act and Regulation Z claims bars Count III (TILA and Regulation Z violations); (3) the statute of limitations for the Fair Debt Collection Practices Act bars Count IV (FDCPA violations); (4) Plaintiffs' failure to allege that they filed a complaint with a credit reporting agency and that Defendant received a notice of dispute from the credit

reporting agency bars Count V (Fair Credit Reporting Act violations); (5) the *Rooker-Feldman* doctrine bars Counts VI (setting aside foreclosure sale), VII (wrongful foreclosure), VIII (unjust enrichment), X (quiet title), and XI (slander of title); (6) Plaintiff's failure to cite a statute or case law in support of the claim and failure to allege that Defendants' actions constitute unprofessional or unethical conduct bar Count IX ("Violations of Michigan Business and Professions Code"); and (7) the Federal Debt Collection Procedure Act's providing of a cause of action only to the United States bars Count XII (Federal Debt Collection Procedure Act violations).

Magistrate Judge Whalen also instructed the parties on the process for objecting to the Report and Recommendation and the consequences of not filing objections, filing objections to some but not all of the findings to which the objecting party takes issue, or filing objections that lack specificity. Magistrate Judge Whalen instructed the parties, specifically, that:

> Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991*); Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)

Dkt. 30, pp. 13-14.

Plaintiffs filed a number of objections to the Report and Recommendation. Dkt. 31. Although Plaintiffs included the general phrase "We . . . object to all his magistrates' opinion and recommendations based on LAW as stated therein," Dkt. 31, p. 9, Plaintiffs provided specific objections only to two of Magistrate Judge Whalen's recommendations. First, Plaintiffs objected to the recommendation that the Court dismiss Counts VI, VII, VIII, and X under the *Rooker-Feldman* doctrine. Dkt. 31, p. 7. Second, Plaintiffs objected to the recommendation that that Court dismiss Count III as time barred. Dkt. 31, p. 5. The Court will address each specific objection in turn; all other objections are deemed waived.

   *B. Discussion*

As an initial matter, Plaintiffs submit as grounds for objection that in 2008 they rescinded their mortgage loan. The thrust of this argument is that, if Plaintiffs had legally rescinded the loan, then the subsequent foreclosure procedure would have been invalid. For reasons that will be discussed in detail below, this argument ultimately fails because, after attempting to rescind their original loan, Plaintiffs entered into a loan modification which superseded the original, purportedly rescinded loan, and it was the new loan which included the mortgage that was ultimately foreclosed upon. Nevertheless, because Plaintiffs emphasize the rescission argument, and it was not discussed in detail in the Report and Recommendation, the Court will explain its reasoning here as to why the rescission argument does not succeed.

4

Plaintiffs cite two cases for support: *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015) and *Paatalo v. JPMorgan Chase Bank*, 146 F. Supp. 3d 1239 (D. Or. 2015). In *Jesinoski*, the Supreme Court held that under 15 U.S.C. § 1635 "a borrower need only provide written notice to a lender in order to exercise his right to rescind." 135 S. Ct. at 793. And in *Paatalo*, the court explained that the consequence of the *Jesinoski* holding is that "rescission is effected at the time of notice, without regard to whether a borrower files a lawsuit within the three-year period." 146 F. Supp. 3d at 1244 (internal quotations omitted).

The *Paatalo* court went on to deny the defendant's motion to dismiss, *id*. at 1247, and Plaintiffs here assert that the same result is proper in this case. Neither the Report and Recommendation nor Defendants' briefing address the *Paatalo* case, likely because Plaintiffs did not cite the case in their opposition brief. Nonetheless, because the Report and Recommendation, in rejecting Plaintiffs' rescission argument, did not consider the holding of the Supreme Court in *Jesinoski* and its application in the *Paatalo* case, the Court will address the argument here in detail.

Plaintiffs argue that they rescinded the loan in 2008 by sending a letter notifying Defendants that Plaintiffs were rescinding, that upon sending the rescission letter the burden then shifted to Defendants to provide the appropriate paperwork and to begin the winding-up process, that Defendants did not comply with their responsibilities, and that therefore under *Jesinoski* and *Paatalo* "the rescission was effective on the date of the notice." Dkt. 31, p. 2; *see also Paatalo*, 146 F. Supp. 3d at

5

1245 (noting that "when the unwinding process is not completed and neither party files suit within the TILA statute of limitations . . . the rescission and voiding of the security interest are effective as a matter of law as of the date of the notice"). However, as explained below, even if the rescission was timely made under the reasoning of *Jesinoski* and *Paatalo,* Plaintiff's subsequent agreement to modify the loan nullified the effectiveness of the rescission.

Section 1635 of the TILA provides that a borrower may rescind certain consumer credit transactions. The statute sets out two different time periods in which a borrower may rescind a transaction: "an unconditional right to rescind for three days" and a three-year period "if the lender failed to satisfy the [TILA's] disclosure requirements." *Jesinoski*, 135 S. Ct. 792; *see also* 15 U.S.C. §§ 1635(a) and (f). Plaintiffs entered into the loan agreement at issue in this case in March of 2006, but did not send their notice of rescission to Choice Mortgage Company until January 2008. Dkt. 23, pp. 3, 5. Thus, for the rescission to be timely, Plaintiffs needed to have a viable TILA claim (a plausible allegation that the lender failed to satisfy the Act's disclosure requirements) at the time they sent the notice to Choice Mortgage. At this stage, the Court must take all of Plaintiffs' allegations to be true, so to survive a motion to dismiss, Plaintiffs must make a plausible allegation that they had a valid TILA claim at the time they sent the letter. Here, Plaintiffs allege that in May or June of 2006 Chase Home Finance took over the loan but did not provide to Plaintiffs the disclosures required under 15 U.S.C. 1641(g). Dkt. 1, pp. 3, 10-11.

6

Upon notice of rescission, the burden shifts to the lender to "return to the obligor any money or property given as earnest money, down payment, or otherwise" and to "take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b). Once the lender fulfills those obligations, the borrower must tender the property to the lender or, if that would be impracticable or inequitable, must tender the property's "reasonable value." *Id.* And for the reasons noted in the *Paatalo* decision, the lender's failure to fulfill its obligations and failure to bring a lawsuit seeking to adjudge the rescission void would render the rescission effective as a matter of law as of the date of the notice, and would void the lender's security interest in the property. *See Paatalo*, 146 F. Supp. 3d at 1245.

To survive a motion to dismiss, then, Plaintiffs needed to plead that Choice or its successor in interest did not fulfill its obligations under § 1635(b). Plaintiffs have so pleaded; they allege that instead of returning any down payment, Chase Home Finance as a successor in interest to Choice Mortgage provided Plaintiff with a payoff amount. Dkt. 1, p. 4. To be sure, if there was no down payment for this loan (which is unclear on this record), Chase's response of providing a payoff amount might qualify as taking "any action necessary or appropriate to reflect the termination of any security interest created under the transaction" under § 1635(b)—after all, the lender will need its money back if it is going to terminate its security interest; a rescission does not release the borrower of its obligation to repay money still owed

7

under the transaction. But because the Court resolves this argument in favor of Defendants on other grounds, the Court declines to reach this question.

If the lender does not fulfill its § 1635(b) obligations, the rescission takes effect as of the date of notice and voids any security interest created by the transaction. But to then assert that rescission as grounds for undoing a foreclosure, the borrower must not have done anything to nullify that rescission or to render it unenforceable. For example, in a follow-up order in the *Paatalo* case, the court dismissed the case because in a settlement agreement the parties had released each other from all claims relating to the account or the property. *Paatalo v. JPMorgan Chase Bank*, 2016 WL 4708539, at *7 (D. Or. 2016). There, the borrower rendered the rescission unenforceable. Here, Plaintiffs have nullified their rescission by modifying their loan after sending the letter of rescission. The loan modification was entered into on October 1, 2012. Section 3 of the parties' loan modification agreement provides:

> 3. **Additional Agreements.** I agree to the following:
>
>    A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.
>
>    B. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.
>
>    C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
>
>    D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 08_15_2012_11_04_21         Page 2 of 6 pages

Dkt, 18, Ex. 3, p. 2. Subsection C provides in plain terms that the loan documents are composed of valid, binding agreements that the parties are explicitly "reaffirming." Therefore, regardless of whether Chase's response was adequate under § 1635(b), Plaintiffs' signing of the modification agreement nullified any rescission of the loan.

The Court therefore substitutes the above reasoning for that contained in the Report and Recommendation pertaining to the rejection of Plaintiffs' argument that Plaintiffs rescinded the loan. Although Plaintiffs' letter to rescind appears to have been timely under the Supreme Court's holding in *Jesinoski* that "a borrower need only provide written notice to a lender in order to exercise his right to rescind," 135 S. Ct. at 793, that rescission was later nullified by the loan modification. Thus Plaintiffs cannot use their purported rescission to overcome the dismissal of claims under the *Rooker-Feldman* doctrine. And Plaintiffs' argument has no impact on the timeliness of their TILA claim; even if the rescission was effective, that would not excuse waiting until after the statute of limitations had run to bring a lawsuit on an alleged TILA violation.

      i. Counts VI, VII, VIII, and X under *Rooker-Feldman*

Defendants argue that the *Rooker-Feldman* doctrine bars the entire lawsuit. Plaintiffs argue that *Rooker-Feldman* does not apply because their claims are independent of a state-court order and because they were not afforded a reasonable opportunity to raise their constitutional claims in the state court. Magistrate Judge Whalen found that *Rooker-Feldman* barred Counts VI, VII, VIII, X, and XI, and the

remaining counts as well to the extent that they attack the state court judgment. Dkt. 30, p. 8. Plaintiffs object with specificity only to the finding that *Rooker-Feldman* bars Counts VI, VII, VIII, and X, so the Court reviews only that finding.

The *Rooker-Feldman* doctrine applies when "a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). This is because only the Supreme Court has jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*, 546 U.S. 459 (2006). In other words, federal district courts and federal courts of appeals may not exercise jurisdiction over lawsuits filed by parties who lost in state court and seek to challenge undesirable state-court judgments rendered before federal proceedings started. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The relevant question in a *Rooker-Feldman* analysis is therefore: "what is the source of the injury?" If the source of the injury is the state-court decision itself, the doctrine prevents lower federal courts from asserting jurisdiction. *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). If the source of injury is something other than the state-court decision (such as a third party's actions), the plaintiff asserts an independent claim and lower federal courts may exercise jurisdiction. *See id.*

Here, Counts VI (setting aside foreclosure sale), VII (wrongful foreclosure), VIII (unjust enrichment), and X (quiet title) all stem from the state court's judgment of foreclosure. This is because, without the state court's judgment, there would have been no foreclosure to set aside (Count VI), without any foreclosure there could not

have been a *wrongful* foreclosure (Count VII), without Defendant JPMorgan Chase having received the proceeds of the sheriff's sale, there would have been no unjust enrichment (Count VIII), and, finally, without any judgment providing title to the purchaser at the sheriff's sale, there would be no title dispute to quiet (Count X). On these causes of action Plaintiffs have "repaired to federal court to undo" the state-court judgment, *see Exxon*, 544 U.S. at 293, and the *Rooker-Feldman* doctrine does not permit them to do so. Defendants are entitled to dismissal of these claims pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiffs also argue that *Rooker-Feldman* does not apply because they were not given a reasonable opportunity to raise their claims in the state court. But the case Plaintiffs cite for that proposition—*Goodman v. Sipos*, 259 F.3d 1327 (11th Cir. 2001)—is from the Eleventh Circuit, not the Sixth Circuit, and therefore is not binding on this Court. The Sixth Circuit has addressed this issue, and concluded that the "Supreme Court's recent decisions do not support the . . . 'reasonable opportunity' exception to the *Rooker-Feldman* doctrine. *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). Instead, "in the limited circumstances in which a plaintiff complains of an injury directly caused by a state-court judgment, if the plaintiff believes that the trial court did not give him or her a reasonable opportunity to pursue a claim, the proper course of action is to appeal the judgment through the state-court system and then to seek review by writ of certiorari from the U.S. Supreme Court." *Id.* "[Plaintiffs] had an opportunity for appeal—and that opportunity resided in state

11

court. Having sat on their right to appeal, they may not now seek to use this court's . . . jurisdiction to execute an end-run around a final state court judgment." *Saker v. Nat'l City Corp.*, 90 F. App'x 816, 819 (6th Cir. 2004).

To summarize, the Court does not have subject-matter jurisdiction over Counts VI (setting aside foreclosure sale), VII (wrongful foreclosure), VIII (unjust enrichment), and X (quiet title) because they stem from the state court's judgment of foreclosure. The Court therefore overrules Plaintiffs' objection, accepts Magistrate Judge Whalen's analysis, adopts his recommendation, and dismisses these claims under Federal Rule of Civil Procedure 12(b)(1).

    ii. Count III as time barred

Defendants argue that any claims for violation of TILA or Regulation Z are time barred because those claims are subject to a one-year limitations period. Dkt. 18, pp. 15-16. Plaintiffs respond by stating that their claims are not time barred, citing *Jesinoski* without further explanation. Dkt. 23, pp. 9-10. In their objection to the Report and Recommendation, Plaintiffs also state that equitable tolling is warranted, but do not explain why. Dkt. 31, p. 5.

Plaintiffs did not bring their TILA claim within the limitations period. Claims for damages under TILA and Regulation Z are subject to a one-year limitations period. *See* 15 U.S.C. § 1640 ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . ."). Plaintiffs allege as the basis for

12

a TILA violation that in May or June of 2006 Chase Home Finance took over the loan but did not provide to Plaintiffs the disclosures required under 15 U.S.C. 1641(g). Dkt. 1, pp. 3, 10-11. Plaintiffs therefore needed to bring a lawsuit for this alleged TILA violation by May or June of 2007, but instead waited until November of 2015, more than nine years after their claim arose.

Count III is therefore time barred unless the Court determines that equitable tolling is appropriate. When determining whether a plaintiff is entitled to equitable tolling, courts in the Sixth Circuit consider five factors: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). These factors, however, are not exhaustive; equitable tolling is determined on a case-by-case basis. *Seay v. TVA*, 339 F.3d 454, 469 (6th Cir. 2003).

Here, none of the factors favor the equitable tolling of Plaintiffs' TILA claims. Plaintiffs do not allege that they lacked notice of the filing requirement—indeed their awareness of the rescission provisions of the Act suggests that they were well able to become aware of the limitations period. Plaintiffs also do not provide any reason for the Court to conclude that they had no constructive knowledge of the filing requirement; again, Plaintiff's knowledge of the rescission provisions of the Act suggests an ability to be on constructive notice of the limitations period for TILA

13

claims. Although Plaintiffs attempted to rescind the loan in 2008, they filed no lawsuit until late 2015. This suggests awareness of the claims but no diligence in pursuing them. And Defendants would be prejudiced by litigating a nine-year-old claim based on a loan made by a different lending institution, which Plaintiffs defaulted on, modified, and defaulted on again, and which has already been foreclosed upon. Finally, Plaintiffs have no claim that they were reasonable in remaining ignorant—if indeed they were—of the limitations period; if they were able to find, understand, and invoke the rescission provisions, they were capable of doing the same for the limitations-period provisions.

The Court therefore overrules Plaintiffs' objection, accepts Magistrate Judge Whalen's analysis, adopts his recommendation, and dismisses this claim as time barred.

### III. Conclusion

For the foregoing reasons, Plaintiffs' objections (Dkt. 31) to Magistrate Judge Whalen's report and recommendation are **OVERRULED**, Magistrate Judge Whalen's report and recommendation (Dkt. 30) is **MODIFIED IN PART AND ADOPTED**, and Defendants' motions to dismiss (Dkts. 13, 18) are **GRANTED**. Accordingly, Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

Dated: September 27, 2016                   s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 27, 2016, using the CM/ECF system, which will send notification to all parties.

                                            s/A. Chubb
                                            Case Manager